IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

    Plaintiff,                      No. CIV S-12-0289 JAM CKD PS

    vs.

PAMELA RAMBALL et al.,

    Defendants.          ORDER

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). (See Dkt. No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.

6   To avoid dismissal for failure to state a claim, a complaint must contain more than
7   "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a
8   cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
9   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
11  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
12  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
13  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
14  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
15  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
16  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
17  Rhodes, 416 U.S. 232, 236 (1974).

18  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
19  520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it
20  is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in
21  forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v.
22  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

23  In this case, plaintiff asserts claims of discrimination and retaliation under the Age
24  Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964, as
25  well as other state law claims.  Plaintiff, who is 56 years old, appears to allege that defendants
26  Taylor Farms Inc. (a potential employer) and Manpower Group Inc. (a staffing company) failed

to hire plaintiff for a minimum pay menial job despite his years of relevant work experience due to his age and because they were purportedly only hiring Mexican American bilingual applicants. He further alleges that he has been blacklisted in a conspiracy among staffing companies and employment agencies as a result of his prior discrimination complaints made to Manpower and other agencies.

Although plaintiff's complaint contains sufficient facts, at least for purposes of screening, to indicate that plaintiff's claims are not frivolous, the court finds that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). The complaint is 40 pages long, contains multiple sections with small print and single spacing, and also contains a large amount of material irrelevant to plaintiff's claims, such as religious and political references. Furthermore, several passages are repeated virtually verbatim throughout the complaint. Accordingly, the court will dismiss plaintiff's complaint, but with leave to amend.

If plaintiff chooses to amend, the amended complaint shall be *no longer than 20 pages*, shall not use a font smaller than 12 Times New Roman, and shall not use single spacing except for any block quotations. Plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a).[1] Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in any amended complaint, plaintiff shall clarify exactly what claims or causes of action are asserted against each defendant.[2]

---

[1] Although plaintiff alleges that diversity of citizenship jurisdiction exists, it appears that plaintiff and at least some of the defendants are citizens of California, thereby destroying complete diversity. See Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L. Ed. 435 (1806). Instead, given plaintiff's claims under the ADEA and Title VII of the Civil Rights Act of 1964, it appears that this court has federal question jurisdiction over the action.

[2] One way to accomplish this is to, after setting forth the parties, jurisdiction/venue allegations, and background facts, use numbered headings for each cause of action specifying against whom the particular cause of action is brought, for example "First Cause of Action for xxxxx against defendant(s) xxxxx" followed by the factual allegations in support of that particular cause of action.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. E.D. Cal. L.R. 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is advised to attach copies of all written claims or charges of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") or the California Department of Fair Employment and Housing ("DFEH") as exhibits to any amended complaint. These exhibits will not count towards the 20-page limit imposed with respect to the amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (dkt. no. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Plaintiff is granted 28 days from the date of service of this order to file an amended complaint in accordance with this order curing the deficiencies outlined above. The amended complaint shall bear the docket number assigned to this case, shall be labeled "First Amended Complaint," and shall not exceed 20 pages. Plaintiff must file an original and two copies of any amended complaint.

////
////
////
////
////

1      4. Failure to file an amended complaint in accordance with this order will result
2 in a recommendation that this action be dismissed.
3   Dated: February 24, 2012
4
        _____
5        CAROLYN K. DELANEY
         UNITED STATES MAGISTRATE JUDGE

9 CKD/5
Whitsitt.289.ifp-lta.wpd