IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

    Plaintiff,                    No. CIV S-12-0289 JAM CKD PS

    vs.

PAMELA RAMBALL et al.,

    Defendants.          <u>ORDER</u>

_____/

        This action, in which plaintiff is proceeding pro se and in forma pauperis, was referred to the undersigned by E.D. Cal. L.R. 302(c)(21) pursuant to 28 U.S.C. § 636(b)(1). Plaintiff asserts claims of discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964, as well as other state law claims.

        On February 24, 2012, the court dismissed plaintiff's complaint with leave to amend. (Dkt. No. 3.) The court stated that although plaintiff's complaint contained sufficient facts, at least for purposes of screening, to indicate that plaintiff's claims are not frivolous, the complaint did not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). The court noted that the complaint was 40 pages long, contained multiple sections with small print and single spacing, and also contained a large amount of material irrelevant to plaintiff's claims,

such as religious and political references.  Furthermore, several passages were repeated virtually verbatim throughout the complaint.  The court specifically stated that if plaintiff chooses to amend, the amended complaint shall be no longer than 20 pages, shall not use a font smaller than 12 Times New Roman, and shall not use single spacing except for any block quotations.  (See Dkt. No. 3 at 3.)

On March 20, 2012, plaintiff filed a 52-page document consisting of several internal documents: (A) an index of filings; (B) a 21-page amended complaint; (C) a 28-page "brief in support of amended complaint and additional facts"; (D) EEOC charges against Manpower Group, Pam Ramball & Supervisor Christy; and (E) EEOC charges against Taylor Farms.  (Dkt. No. 4.)  Because the court specifically ordered plaintiff to file an amended complaint that is no longer than 20 pages, the court will strike the index of filings and the 28-page brief accompanying the amended complaint.  Additionally, because the court instructed plaintiff to attach any applicable EEOC and DFEH charges to the amended complaint, these charges will be construed as proper attachments to the amended complaint.

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  The court cannot make this determination on the present record.  Therefore, the court reserves decision on these issues until the record is sufficiently developed.

Good cause appearing, IT IS ORDERED that:

1. The index of filings (internal document A in dkt. no. 4) and " brief in support of amended complaint and additional facts" (internal document C in dkt. no. 4) are STRICKEN.

2. Service of the following defendants with the amended complaint (document B in dkt. no. 4) and EEOC charges as exhibits to the amended complaint (documents D and E in dkt. no. 4) is appropriate: Pamela Ramball (Area Director Manpower Group, Inc.); Christy (Agent Supervisor Manpower Group, Inc.); Manpower Group, Inc.; and Taylor Farms, Inc.

3. The Clerk of the Court is directed to issue the undersigned's order setting status conference.

4. The United States Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Fed. R. Civ. P. 4, including a copy of this court's order setting status conference, without prepayment of costs.

5. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant, one summons, a copy of the amended complaint and EEOC charges as exhibits to the amended complaint, and this court's order setting status conference.

6. Plaintiff is directed to provide to the United States Marshal, within fourteen days from the date this order is filed, all information needed by the Marshal to effect service of process, and *shall file a statement with the court that said documents have been submitted to the United States Marshal.* The court anticipates that, to effect service, the U.S. Marshal will require at least:

    a. One completed summons for each defendant;

    b. One completed USM-285 form for each defendant;

    c. One copy of the endorsed filed amended complaint (and EEOC charges as exhibits to the amended complaint) for each defendant, with an extra copy for the U.S. Marshal;

    d. One copy of this court's status order for each defendant; and

    e. One copy of the instant order for each defendant.

7. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

////

////

////

8. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

Dated: April 12, 2012

                                                    _____
                                                  CAROLYN K. DELANEY
                                                  UNITED STATES MAGISTRATE JUDGE

CKD/5
Whitsitt.289.serv.wpd