1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM J. WHITSITT,

11          Plaintiff,              No. 2:12-cv-0289-JAM-CKD PS
              vs.
12

13   RAMBALL, et al.,
                                    ORDER &
14          Defendants.             FINDINGS AND RECOMMENDATIONS
     _____/

15

16          This civil rights action alleges employment discrimination and retaliation claims

17   under the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of

18   1964 ("Title VII") and various state laws.  Dkt. 4.  Before the undersigned is defendant

19   Manpower Group, Inc.'s ("Manpower" or "defendant") motion to dismiss the First Amended

20   Complaint ("complaint") pursuant to Fed. R. Civ. Pro. 12(b)(6).  Dkt. 10.  Plaintiff opposed the

21   motion on December 14, 2012 (dkt. 20) and defendant replied on January 2, 2013 (dkt. 21).

22          Defendant's motion to dismiss came on for hearing on January 9, 2013.

23   Christopher Killens appeared before the court on behalf of defendant.  Plaintiff, who proceeds

24   \\\\\

25   \\\\\

26   \\\\\

1

1   pro se, failed to appear before the court.[1]  Upon review of the documents in support of and in

2   opposition to the motions, upon hearing the argument of counsel, and good cause appearing

3   therefor, THE COURT FINDS AS FOLLOWS:

4   BACKGROUND

5           The original complaint was filed in this court on February 3, 2012.  Dkt. 1.  The

6   court dismissed the complaint sua sponte on February 24, 2012, for failure to comply with the

7   pleading requirements of Fed. R. Civ. Pro. 8(a)(2).  Dkt. 3 at 3.  Plaintiff filed his First Amended

8   Complaint on March 20, 2012.  Dkt. 4.  The court struck portions of the complaint which did not

9   comply with the February 24, 2012 order but directed service of the complaint.  Dkt. 5.

10          Defendant moved to dismiss the complaint on September 4, 2012.  Dkt. 10.  A

11  motion for an extension of time to respond was granted on October 10, 2012, allowing plaintiff

12  an additional 28 days to respond to the defendant's motion.  Dkt. 14.  On November 29, 2012

13  plaintiff filed a motion styled as an Opposition to Defendant's Motion to Dismiss.  Dkt. 18.  In it,

14  plaintiff sought an additional ten days in which to file an opposition, which was granted.  Id.  The

15  matter was set for hearing on January 9, 2013.  Plaintiff filed his opposition to the motion to

16  dismiss on December 14, 2012, and defendant filed a reply on January 2, 2013.  Dkts. 20, 21.

17          Plaintiff, who is 56 years old, appears to allege that defendants Taylor Farms Inc.

18  ("Taylor Farms") (a potential employer) and Manpower (a staffing company) failed to hire

19  plaintiff for a position at Taylor Farms despite his years of relevant work experience due to his

20  age and because they were purportedly only hiring Mexican American bilingual applicants.

21  See Dkt. 4.  He further alleges that he has been blacklisted in a conspiracy among staffing

22  companies and employment agencies as a result of his prior discrimination complaints made to

23  Manpower and other agencies.  Id  Defendant moves to dismiss all of the claims against it for (1)

24  _____

25          [1]After the hearing, plaintiff called and informed the court that he was unable to attend
    because of car trouble.  But such tardy justification does not excuse plaintiff's non-appearance.
26  See Local Rule 183(a).

1  failure to exhaust administrative remedies under Title VII, and (2) failure to state a claim under

2  12(b)(6) with respect to the retaliation, discrimination and state law claims.[2]

3  DISCUSSION

4          In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim

5  upon which relief can be granted, the court must accept as true the allegations of the complaint in

6  question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light

7  most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

8          To avoid dismissal for failure to state a claim, a complaint must contain more than

9  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

10  of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

11  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12  statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

13  claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at

14  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

15  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

16  Iqbal, 129 S. Ct. at 1949.

17          *Non-Served Defendants*

18          In addition to Manpower, plaintiff names Pamela Ramball, Christy, and Taylor

19  Farms, Inc. as defendants to this action.  See Dkt. 4.  A review of the docket reveals that none of

20  these defendants have been served despite the operative complaint having been filed on March

21  20, 2012.  Plaintiff had 120 days in which to properly serve all defendants.  See Fed. R. Civ. Pro.

22  4(m).  That time has long since passed and the non-served defendants should be dismissed.

23  \\\\\

24

25          [2]Although it is unclear whether plaintiff has exhausted his administrative remedies as
   required in order to pursue a Title VII claim in this court, his claims nonetheless fail as a matter

26  of law.

1    Additionally, because all of plaintiff's claims fail as a matter of law, the motion to

2  dismiss will apply equally to these defendants who stand in the same position of liability as

3  Manpower.  See Abagninin v. AMVAC Chemical Corp., 545 F.3d 733, 742-43 (9th Cir. 2008)

4  (dismissing with prejudice non-served defendants who were in a similar position to other

5  defendants and where plaintiff could not allege essential elements of the action applicable to all

6  defendants).

7                    *Request for Judicial Notice*

8    Both plaintiff and defendant attach various exhibits to their motions.  See Dkts.

9  10, 20.  Defendant specifically requests the court to take judicial notice of four exhibits — an

10  employment agreement signed by plaintiff, and three letters sent by plaintiff to Manpower

11  regarding defendant's alleged discrimination practices.  See Dkt. 10 at 10.  In his opposition,

12  plaintiff attaches five exhibits to the motion — various letters and notices from plaintiff

13  addressing Manpower's alleged discriminatory practices, and a statement of L. M. Lopez .  See

14  Dkt. 20 at 18-52.

15    Although a court is generally confined to the pleadings on a Rule 12(b)(6) motion,

16  it can also consider facts which may be judicially noticed.  Mullis v. United States Bankruptcy

17  Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).  "A judicially noticed fact must be one not subject to

18  reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the

19  trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy

20  cannot reasonably be questioned."  Fed. R. Evid. 201(b).  None of the exhibits provided by either

21  plaintiff or defendant are the proper subject of judicial notice.  For example, what defendants

22  describe as "Plaintiff's Executed Employment Agreement with Manpower" is not capable of

23  accurate and ready determination because portions of the text are cut-off and it is entirely unclear

24  who the other party to the agreement is.  The various letters and statements attached by both

25  parties contain facts that are subject to reasonable dispute and are favorable to one party.  See

26  U.S. v. Corinthian Colleges, 655 F.3d 984, 998-999 (9th Cir. 2011) (court may take judicial

                                                4

notice of matters of public record but not of facts that may be subject to reasonable dispute by either party).  Accordingly, the court will decline to take judicial notice of any exhibits provided by either party.

### Retaliation Claims

Plaintiff alleges that he was retaliated against after speaking to supervisors at Manpower about his concerns of age discrimination.  Dkt. 4.  Plaintiff does not specify which cause of action arises from his allegations of retaliation, but a prima facie case of retaliation under either Title VII or § 1981 requires proof of the following elements: (1) plaintiff engaged in activity protected under Title VII, (2) plaintiff suffered adverse employment action; and (3) a causal link exists between the two events.  See Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464 (9th Cir. 1994); and see CBOCS West, Inc. V. Humphries, 553 U.S. 442, 446 (§ 1981 encompasses retaliation claims).

Defendant argues that plaintiff fails to allege an adverse employment action or a causal link between the protected activity and the adverse action.  Although it appears plaintiff alleges an adverse employment action by being denied the position at Taylor Farms, there is no causal link between that action and plaintiff's engaging in any protected activity as he did not complain about discriminatory hiring practices until *after* he was denied that position.  Dkt. 4 at 10.  There are no other factual allegations showing an adverse employment action subsequent to plaintiff engaging in protected activity.  Thus, plaintiff's retaliation claims fail as a matter of law and should be dismissed.

### ADEA Claims

Defendant seeks to dismiss plaintiff's ADEA claim for failing to state a claim under either the disparate treatment or disparate impact theory of discrimination.  Here, it seems clear that plaintiff proceeds under a disparate treatment theory and not a disparate impact theory.  Though the complaint includes a section titled "Disparate Impact -Discrimination," the allegations do not point to a facially neutral hiring practice by defendant that has a discriminatory

1   impact.  See Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir. 1990).  Rather, plaintiff

2   alleges that he "was Denied Employment at Taylor Farms because of [his] Age of (56)" and that

3   "[o]ver 500 Considerably Younger and Less Qualified Applicants where hired over [him] at 2

4   Different Taylor Farms Plants."  Dkt. 4 at 4.

5           In order to establish a prima facie case of discrimination on a theory of disparate

6   treatment, plaintiff must show that: (1) he was at least 40 years old, (2) he applied for a position

7   for which we was qualified, (3) he was not hired; and (4) a substantially younger person with

8   similar (or lesser) qualifications received the position.  Cotton v. City of Alameda, 812 F.2d

9   1245, 1248 (9th Cir. 1987), Pusa v. Holder, 341 Fed. App'x. 318, 319 (9th Cir. 2009).  Plaintiff

10  has sufficiently plead that he is over 40 years old, applied for the position at Taylor Farms, was

11  not hired for the position, but that many other, less qualified, younger applicants were hired.

12          Defendant takes issue with whether or not plaintiff properly plead that he was

13  qualified for the position at Taylor Farms given the stated requirement that applicants speak

14  Spanish.  Dkt. 10 at 25.  Manpower points to plaintiff's allegation that Pamela Ramball (a

15  supervisor at Manpower) stated that "We [Manpower] are just enforcing their [Taylor Farms']

16  Hiring Requirements as to Age and Language."  Dkt. 4 at 5.  Plaintiff alleges that he was

17  qualified for the position based on his 35 years of experience in general warehousing,

18  manufacturing, machine operations, and shipping and receiving.  Id.  But he does not include any

19  allegation regarding his language qualifications.  In fact, the allegations, though confusing,

20  reiterate the requirement that only bilingual applicants — or those who spoke Spanish — were

21  hired for the position.  See e.g., Dkt. 4 at 5, 10, 20.  Accordingly, because plaintiff cannot make

22  out a prima facie case of discrimination, these claims should be dismissed.

23                      *42 U.S.C. § 1981 Claims*

24          Plaintiff, a "Caucasian and White Man, of Irish, German, Russian and French

25  Descent" claims he was discriminated against on account of his race and his national origin.  Dkt.

26  4 at 4.  Defendant first points out that § 1981 does not encompass discrimination on the basis of

6

national origin, but of race only.  See Sant Francis College v. Al-Khazraji, 481 U.S. 604, 613

(1987) (§ 1981 protects persons subjected to intentional discrimination because of their ancestry

or ethnic characteristics; such discrimination is racial discrimination).  Nevertheless, plaintiff

claims that he was subject to reverse race discrimination.

To establish a prima facie case of employment discrimination through indirect

evidence, the plaintiff must show that: (1) he is a member of a protected class, (2) he applied for

a job for which he was qualified, (3) he was rejected; and (4) the position remained open and the

employer sought other similarly-qualified employees.  Surrell v. California Water Service Co.,

518 F.3d 1097, 1105-06 (9th Cir. 2008).  Plaintiff's allegations in support of his § 1981 claim

rest on three telephone conversations with Manpower employees where he was told that Taylor

Farms was only hiring "Mexican American Bilingual Applicants."  Dkt. 4 at 19-20.  In another

portion of the complaint referring to the same phone conversations, plaintiff alleges that he

discovered that Taylor Farms had hired "several Considerably Younger Applicants that are White

Caucasian and English speaking . . . . "  Id at 10.  This allegation is inconsistent with any claim

that plaintiff was discriminated against on account of his race.

### Public Policy Claims

Under state law, an at-will employee may recover from their employer if they can

show that they were discharged in contravention of fundamental public policy.  See Green v.

Ralee Engineering Co., 19 Cal.4th 66, 71 (Cal. 1998).  Plaintiff's allegations here simply restate

his retaliation claim and the facts underlying it.  Thus, because plaintiff fails to state a claim for

retaliation, he has no independent public policy claim.

### Civil Conspiracy Claims

Three elements make up the state law claim for civil conspiracy: (1) the

information and operation of the conspiracy, (2) wrongful conduct in furtherance of the

conspiracy; and (3) damages arising from the wrongful conduct.  Kidron v. Movie Acquisition

Corp., 40 Cal.App. 4th 1571, 1581 (Cal.App.2 Dist. 1995).  The complaint contains no factual

1  allegations supporting a claim for civil conspiracy.  Plaintiff offers only the bare assertion that "it

2  would allegedly seem that Manpower Group Employment Agency, does have a Policy that

3  Retaliates against any applicant who even mentions or Questions their Discrimination Policy in

4  Hiring Practices."  Such a conclusory statement unsupported by factual allegations cannot

5  survive a motion to dismiss.  See Twombly, 550 U.S. at 555-57 (2007).

6  *Intentional Infliction of Emotional Distress Claims ("IIED")*

7          Plaintiff's IIED claims are grounded in state law.  The elements of this tort are: (1)

8  extreme and outrageous conduct by the defendant with the intention of causing, or reckless

9  disregard of the probability of causing emotional distress, (2) plaintiff's suffering severe or

10  extreme emotional distress; and (3) actual and proximate causation of the emotional distress by

11  the defendant's outrageous conduct.  Cervantez v. J.C. Penny Co., 24 Cal.3d 579, 593 (1979)

12  (overruled on other grounds).  The complaint contains no factual allegations giving rise to this

13  cause of action.

14  CONCLUSION

15          For the reasons outlined above,  IT IS HEREBY ORDERED that defendant's

16  request for judicial notice is DENIED.

17          IT IS HEREBY RECOMMENDED that:

18          1.      Defendant's motion to dismiss (dkt. 10) be granted, and

19          2.      This entire action be dismissed with prejudice.

20          These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

22  fourteen days after being served with these findings and recommendations, any party may file

23  written objections with the court and serve a copy on all parties.  Such a document should be

24  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

25  objections shall be served and filed within seven days after service of the objections.  The parties

26  \\\\\

1    are advised that failure to file objections within the specified time may waive the right to appeal

2    the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3      Dated: January 10, 2013

4                                                                _____
                                                                CAROLYN K. DELANEY
5                                                                UNITED STATES MAGISTRATE JUDGE

6

7

8    CKD9
     Whitsitt289 MTD

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26