... 

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>            Plaintiff,<br><br>   v.<br><br>PAMELA RAMBALL, et al.,<br><br>            Defendants. | No.  2:12-cv-00289 JAM-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT** |

This matter is before the Court on Plaintiff William J. Whitsitt's ("Plaintiff") Motion for Relief from Final Judgment (Doc. #32).[1]  Defendants did not file an opposition.  For the reasons set forth below, Plaintiff's motion is DENIED.

    I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In Plaintiff's First Amended Complaint ("FAC"), he alleges employment discrimination and retaliation claims under the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  No hearing was scheduled.

1

1  Rights Act of 1964 ("Title VII") and various state laws (Doc.

2  #4).  Defendant Manpower Group, Inc. ("Defendant") moved to

3  dismiss the FAC pursuant to Federal Rule Civil Procedure 12(b)(6)

4  (Doc. #10).  On January 10, 2013, the Magistrate Judge issued

5  findings and recommendations, granting Defendant's motion to

6  dismiss in its entirety (Doc. #23).  On March 12, 20, this Court

7  issued an order adopting the Magistrate Judge's findings and

8  recommendations (Doc. #28).  Plaintiff now moves for relief from

9  final judgment (Doc. #32).

10

11                    II.     OPINION

12      A.    Legal Standard

13      Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") governs

14  the reconsideration of final orders of the district court.  Rule

15  60(b) permits a district court to relieve a party from a final

16  order or judgment on grounds of "(1) mistake, inadvertence,

17  surprise, or excusable neglect; (2) newly discovered evidence

18  . . .; (3) fraud . . . of an adverse party; (4) the judgment is

19  void; (5) the judgment has been satisfied . . . or (6) any other

20  reason justifying relief from the operation of the judgment."

21  Fed. R. Civ. P. 60(b).  "Neither ignorance nor carelessness on

22  the part of the litigant or his attorney provide grounds for

23  relief under Rule 60(b)(1)."  Engleson v. Burlington N. R. Co.,

24  972 F.2d 1038, 1043 (9th Cir. 1992) (citations omitted).

25      B.    Discussion

26      Plaintiff argues, in part, that the motion should be granted

27  because he missed the motion to dismiss hearing due to an

28  emergency and because he believes that the Court never looked at

                                2

1  his objections to the findings and recommendations.

2              1.   Missed Hearing

3       Plaintiff argues that the Magistrate Judge should have not

4  taken into consideration his failure to attend the hearing for

5  the motion to dismiss because he failed to appear for a

6  legitimate excusable reason.  Although the Magistrate Judge noted

7  in a footnote that Plaintiff failed to attend the hearing,

8  Plaintiff's absence was not considered and the motion to dismiss

9  was decided on the merits.  See Findings and Recommendations,

10 Doc. #23, at 2 n. 1, 3-9.  Accordingly, Plaintiff has failed to

11 show that there was a prejudicial error.

12             2.   Opposition to Findings and Recommendations

13      Plaintiff states that he never received a copy of the

14 Court's Order adopting the Magistrate Judge's findings and

15 recommendations ("Order").  In addition, he claims that he found

16 out second hand that the Court did not receive his objections to

17 the findings and recommendations or his notice of change of

18 address.  First, the Court served the Order by mail but it was

19 returned undeliverable because the Court did not receive any

20 notice of change of address until September 6, 2013, after the

21 Court had issued its order.  Because pro se parties are under the

22 continuing duty to notify the Clerk and all other parties of any

23 change of address, service of documents at the prior address of a

24 pro se party is deemed fully effective absent such notice.  L.R.

25 183(f).  Therefore, because the Court had not been notified about

26 the change of address, service of the Order to Plaintiff's

27 previous address was effective.

28      Second, the Court received Plaintiff's objections on January

                                3

23, 2013 (Doc. #26), and the Court considered them.  <u>See</u> Order,

Doc. #28, at 1 ("Objections to the findings and recommendations

have been filed.").  Accordingly, Plaintiff has not provided the

Court with sufficient grounds for relief.

        3.   <u>Other Grounds</u>

Plaintiff also makes the same arguments he has previously

raised in his opposition to the motion to dismiss and his

objections to the findings and recommendations.  However, he has

provided no evidence or circumstances that would satisfy the

requirements of Rule 60(b).  Accordingly, the Court finds no

grounds that warrant reconsideration of Plaintiff's claims.


                III.   ORDER

For the reasons set forth above, the Court DENIES

Plaintiff's Motion for Relief from Final Judgment.

    IT IS SO ORDERED.


Dated:  February 7, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4